please call the next case. The next case is 4-15-0126 W.C. Professional Organics v. Kathy Olivero for the appellant, Michael Carr for the appellee. Good afternoon members of the court. Mr. Carr, my name is Kathy Olivero. I'm here on behalf of the claimant. This case seems a lot simpler than the appellate. Was this an accident that arose out of the claimant's employment? The Commission made certain findings in its decision and they included that the claimant had been the Coles County Administrator since 1977 and she worked for the circuit court judges. Her jobs included, among other things, going to the post office and the office supply store as needed. Ma'am, could you tell me what it is she tripped on? She says she tripped on a step. She just couldn't identify the step involved. The Commission in its decision in paragraph 3 indicates, I'm sorry, paragraph 4, she tripped on what she thought was the first step of the stairs leading to the north entrance and then fell on her left hip. Well, is the act of going up and down stairs, is that in falling in and of itself compensable or do you need something more than that? I think I need something more than that and I showed it. What is the something more? The more was that she performed this particular activity, which was incidental to her being at the post office that morning in a hurried fashion. In fact, why was she hurrying? She was hurrying because one of the security officers and one of the judges also entering the store that normally is not available for the employees and she hurried so that she wouldn't delay the judge. So this is the judge's fault? No, I'm not going to say that. Good, good answer. But clearly that was a risk of her employment. She was responding to a request by one of her superiors. I think it was reasonable for her to do that. The Commission for some reason referenced the fact that she was hurrying in its findings and then in its conclusionary opinion says the petitioner argues she was in a hurried fashion. Again, seven times in the record the claimant testified to the manner in which she was ascending the steps and in fact when I, on redirect, when I started to ask a question about the manner in which she was ascending the steps, the Employers Council objected as it was asked and answered and that was sustained by the court. That particular manner in which she was ascending the steps was never considered by the Commission as an explanation for her fall. I submit to you that... What about the varying heights of the steps? You produced evidence on that. Correct. The steps that she was walking up, leading up to that point varied, the rise varied between five and a half inches. Correct. And no two steps were of the same height. And the Commission says other than the pictures the petitioner offered no evidence to establish that the varying height was an actual defect. Do you think you have to put in expert testimony that varying the height of a set of steps between five and a half inches and seven and a half inches is a defect? No, I don't judge. Would that be a matter of common knowledge? It was and in fact this court used that Okay, and in Litchfield healthcare was uneven sidewalk. Correct. Do you need an expert to tell you that an uneven sidewalk is a defect? No, there was no expert testimony in that case and yet the Commission found it was a defect. And so I submit that the varying heights of all of those stairs, none of which were the same, is a defect. Now let me ask you another question. Okay, you're walking up the stairs and you trip and fall. Do you have to testify I fell because the second step was an inch or do you have to say that? Is it enough that you know you're going up defective stairs and you trip and fall? Well, the claimant in Litchfield healthcare, if my memory serves me correct, identified the area where she fell. Now this claimant, as I indicated in response to a prior question, couldn't exactly say which step she was on at the time she fell and that was my dilemma. How many steps? There were seven steps? If you look at the photographs there's a set of first steps if you're going into the courthouse and there's a flat railing area and then there's another set of steps. And it was on that second set of steps that she fell. She couldn't identify if it was that first step at the top or the second to the top from that particular set of steps. Is there an identification that that set of steps has variation in the riser height? Yes. Those were in Petitioner's Exhibit 6 where all of the steps in that set were photographed with a ruler showing each particular height as an individual would traverse those steps, correct? When she testified, didn't she say in terms of ways, when asked what caused her fall, I lost my footing and I tripped on something. Notice I tripped on something. How does that get tied into the stair varying in heights? Well, the only thing that was there were the stairs. She clearly said there was no debris, there was no moisture. We know she was not, the judge and the security guard were holding the door that was beyond the area she was at. So, you know, she wasn't talking with anyone or fell over someone, something that they had or anything of that nature. Let me ask you this, and this is a point of question. There's a third alternative. Sometimes people trip and they fall over their own feet. There's nothing to do with anything, correct? That's correct. I mean, that is another possibility, isn't it? And when you're in a hurried fashion, I submit you will trip on occasion over your own feet. Now, she didn't identify it was her feet. I think at one point she said I hit something hard. I don't know that her foot would be defined as hard and she in fact had on sandals that day, if my memory of the evidence is correct. But given all of that, I think it was an accident. Counsel, let me ask you then just in terms of the varying height of the steps, which in your brief, page 7, you very specifically indicate the height of the first step, the height of the second step and so forth, and so that we can see the varying height of the steps. Between which two steps did she fall? Well, there were six steps in that set of steps that she was on, and she was somewhere between the fifth step to the top and the sixth step. So the fifth step to the top was 7 1⁄2 inches in height, and the sixth step was 6 1⁄2 inches in height. I'm sorry, between which two steps did she fall? The two steps at the top of that second set of stairs. So you have the fifth step is 7 1⁄2 inches tall, is that right? Correct. You say the sixth step is 6 1⁄2 inches? Correct. Is that right? Okay. So is it that one inch difference that you're saying caused the fall? Well, that's an inference. I think that was reasonable to infer because normally you encounter steps of equal height. And is that what the testimony was at the hearing? Again, because she couldn't identify exactly which step it was, Your Honor, she couldn't say that particular difference in height led to my fall. Well, then let me back up. How is it that you're able to say it was between the fifth step and the sixth step that she fell? Because that's what she testified she was at at the time she tripped on something. If she doesn't know which one she tripped on, then the inference that you wanted to draw, does that exist within the realm of probability or only within the realm of possibility? I think it's probability. Why would it be probable if she doesn't know which one she tripped on? Well, because we know that the two steps involved have a different height to that. Well, what about the height difference between the fourth step and the fifth step? The fourth step is 7.375 inches and the fifth step is 7.5 inches. How much of a difference? She got past those steps. We know she was at the first two steps and that second set of steps going up to these doors. Well, the commission never considered whether any inference could be weighed, did they? Because they just said you didn't prove the steps were defective. That is correct as well. Which, in other words, even though you proved that this set of steps, the rise varied in each step, over each of them, ranging from 5.5 inches to 7.5, they said you didn't prove they're defective. Correct. So they never got to whether there was any inference that the defect caused her to fall. Correct. They just said failure of proof. Exactly. That they were defective. And, again, they didn't find that the manner in which she ascended those steps. They said it was totally unexplained when, again, on numerous occasions she mentioned the haste. For those reasons, we ask that the judgment of the circuit court be reversed and the case be remanded to the commission. Thank you. Thank you, counsel. We have time in reply. May it please the court. My name is Michael Carter. I represent the county with respect to this case. Mr. Carter, let me ask you right off the bat here. You've heard my other questions. Go right ahead, Your Honor. The evidence has introduced that a set of six or seven steps vary in height between 5.5 and 7.5 inches. Is that proof that the steps are defective? I don't know that you need to worry about whether or not the steps are defective. Before I get to whether we need to worry about it, is that proof that the steps are defective? A one-inch difference between the two steps? Between 5.5 inches and 7.5 inches in the rise of six or seven steps. That's certainly a finding the commission could have made. Do you think you have to call an expert to show that that's a defective set of stairs? No. And so, I mean, just proof. Isn't that a matter of common knowledge that steps ought to have the same rise, a set of stairs? I wouldn't disagree with that, Your Honor. Okay. Thank you. But to piggyback off that, whether or not the steps are defective only becomes an issue if you know that the defect is what caused her to trip in the first place. Ms. Williams, the commission never considered that, did they? Because they just said she didn't prove that it was a defect. I mean, here's the quote. The petitioner offered no evidence to establish that the varying height was an actual defect. What does that mean? But the commission had also already found that petitioner did not present any direct evidence explaining the cause of her fall. They didn't have to find whether or not the steps were defective because they had already determined she had failed to prove that there was any cause for her fall. So if she had just said, I tripped over the steps, you know, because they were varying heights. If she had just said that, then she would have got past that. I don't even know that she needs to say that there were varying heights if she specifically testified, I tripped over the steps. I tripped on this step. I know I tripped on these two steps. And later I go back and I show, look, there's a height difference here. Didn't that happen here? I mean, your opposing counsel said she said she was between the fifth and sixth steps and there was a one-inch difference between those. That did not happen because we don't know what step she tripped on. You're saying you can't read this record and say that she, or infer, find that she tripped on the steps. Is that what you're saying? I'm saying Ms. Williams doesn't even know what trip. Pardon? I'm saying Ms. Williams herself doesn't even know why she tripped. Well, back up just a moment. Justice Stewart's question in that was, does the record reflect which steps she was on at the time that she tripped? Was it between the fifth and the sixth? Was it between the fourth and the fifth? Does the record reflect that? No. It was never pinned down by the claimant? No. Let me try this again. Steps have varying heights. I walk up a flight of stairs with varying heights and trip, therefore I trip because of the varying heights. Does that follow logically for you? I would accept that the varying heights could be a cause of why you tripped, but as you yourself pointed out, she could have tripped over her own feet. No, no, he said that. Give me a proper clarification. I apologize, Your Honor. That was Justice Hudson. Whether the conclusion of the syllogism is logical. I would accept that that would be a logical outcome, yes. Well, then she wins. If it's illogical, she loses. If it's logical, she wins. Are you filling in the gaps on the other side? I think he's throwing you a softball. Post-hope, Everett broke their hope. After this, therefore, because of that. I think it's one likely explanation for why she tripped. Or a possibility. Correct. It's an inference that exists within the realm of possibility. Correct. Not in the realm of probability. Correct. The opponent says it's a probability. There's nothing else there. And yet there are several other explanations for why she could have tripped. Now that you've clarified it. Yes. Your Honors, she was. And how would you categorize those several other explanations? When we're back into the logic. Equally probable. Probable? Or possible? Equally possible. Okay, so she doesn't know why she fell. And that's true of a lot of people when they fall. She says, I don't know exactly what happened, but I fell on these steps of different heights. And there was no debris. There was no, they weren't wet or anything else. So, I mean, aren't we just kind of reaching a point here where we're saying to somebody, you don't know why you fell. But if you're going to win, you're going to have to be considered at all on this theory. You're going to have to say it was because of the varying heights. It can't be inferred because that's just a possibility. I don't think that's the case at all, Your Honor, because we have to look at why she was on the steps in the first place. Well, in this case, with the evidence that was presented, could the commission have inferred that she fell because of the varying heights? Based on the evidence that was presented? I suppose it's likely, yes, they could have made that inference. But they didn't get there because they said you didn't prove there was a defect. Is that correct? They didn't get there because they said she didn't present any direct evidence explaining the cause of her fall. Okay, so they said two things. They said you didn't prove this was a defect, and they said you didn't present any direct evidence. So that's where we get to, because she didn't say, I fell, I don't know what other direct evidence there would be, unless you had an expert come in and say, based on all the evidence, I conclude that that's why she fell, which is what the prior effect is going to do anyway. But they said, in other words, she's got to directly say, this is why I fell. And I guess they're saying you've got to present expert evidence that steps of varying heights are a defect. I think she's got to say, I tripped on the step. I tripped on this step. Right. And that step would have to have a varying height from the prior step or the subsequent step. Correct. As long as she had testified that she tripped between the fourth and fifth step, then the commission would have been free to infer that there was a defect, or the fifth and the sixth step, because... If that's what she testified to, we can't even keep track of which step she might have tripped on. The problem is, tripped on a step. What does tripped on mean? I suppose if her sandal had caught the lip of the step, she misjudged it because it's varying height. We don't know because she doesn't know what caused her to fall or trip. She said, I tripped on something, I think the step, and went down. Her mind is very vague about what happened. I mean, the commission in its findings says she testified, because they were holding the north door open for her, she hurried towards them when she tripped on what she thought was the first step of the stairs leading to the north entrance. You know. What she thought. Yeah. So you're saying tripped on is locational, not causative. Well, what caused her to trip... Which step caused her... What step was it? What you're saying, there's only evidence here, reasonable interpretation of this evidence by her testimony, is it's location. She tripped on the step. She was on the step when she tripped. We don't know what she tripped on. We don't know what caused her to trip. And that's the problem with this case. There are steps that are exposed to the general public. Whether or not a defect exists is not necessarily the determining question, so much as she's equally exposed to the defect if it exists, as the general public is. For all we know from the record, this was the first time she'd ever used the north steps. And she's not doing that at the behest or the request of a superior. Judge Sullivan is not going to punish her or demote her if she doesn't... Is there a judicial notice of that, ma'am? I would hope so. I would hope Judge Sullivan wouldn't do that. Who does she work for? She's a court administrator. She works for all the judges, I would... And this is a judge? That's correct. But it's not a directive telling her how to do her job. It's a polite offer from the judge and the security guard, who is also there. A polite offer? A polite offer. That she couldn't refuse? That she could refuse. And she thought about refusing it. She testified she thought about... She testified she thought about refusing it. And do you always refuse polite invitations from judges when you're practicing? I noticed you're not answering the question. Maybe I wanted exercise, as she did. I would have simply said, No, thank you, judge. I don't want to delay you from carrying your microwave into the courthouse. If the defect exists, she's no more exposed to it than the general public is. It wasn't her sole route into the courthouse. She chose to go this way. On her own, without any direction being told she had to by the respondent. I think on the facts of this case, the commission made the proper finding that it did not arise out of. And we would, therefore, urge this honorable court to affirm the commission's determinations. Thank you. Thank you, counsel. Counsel, you may reply. The court has a good grasp of this case. Members of the general public could not enter through those north doors. So it's different. The public would not have been transcending these steps, nor was there any evidence that public people would run up these steps or in a hurried fashion as the claimant did here. Again, I think when you look at all of the facts and you consider the reasonable inferences from them, this was a compensable accident that arose out of the claimant's employment. Thank you. Thank you, counsel, both for your arguments in this matter. As you take on your advisement, this position shall issue.